OPINION OF THE COURT
Edwin R. Oberwager, J.
Petitioner proceeds by CPLR article 78 for a judgment annulling respondent’s disciplinary determination against him.
Petitioner was an inmate at Woodbourne Correctional Facility serving a 3- to 6-year sentence as a second felony offender upon a conviction for robbery in the second degree. Petitioner claims that he was not afforded due process in a superintendent’s proceeding held on August 19 and 20, 1980 on charges of his institutional misconduct. Specifically, petitioner claims that the hearing officer failed to interview sufficient employee witnesses concerning all charges against petitioner; failed to adequately investigate the charges; and failed to provide petitioner with a written statement of evidence and written reasons for the disposition imposed.
Petitioner was charged with four counts of misconduct arising out of three separate incidents on August 17, 1980 during a “Ramadan Festival” day at the institution. One incident involved a dispute over use of a camera; a second over food; and the third over some musk oil. All three incidents involved a Sergeant De Paolo who filed a written *438 statement with the hearing officer. The hearing officer also conducted witness interviews with an employee witness, a Sergeant Perlman and at the request of petitioner, an inmate witness, Abdul Jábbar. The petitioner testified twice at great length at the hearing, once on August 19, 1980 and again on August 20, 1980 after the other two witnesses had testified.
Petitioner’s major contention is that respondents violated their own regulation in failing to interview at least one employee witness with direct knowledge of the incident. (7 NYCRR 253.4 [c].) Admittedly, the only employee interviewed was Sergeant Perlman who had direct knowledge only of the food incident. As can be gleaned from the “Superintendent’s Formal Charge” document, only “Charge #2:105.1 Demonstrations” arose out of the food incident. There was ample testimony, both from Sergeant Perlman and Abdul Jabbar, that petitioner’s actions in the food incident created a tense situation involving several other inmates and that petitioner would not comply with the institutional rules. Accordingly, as to Charge No. 2, the respondent’s determination complied with the institutional rules, was in no way arbitrary or capricious, is supported by sufficient written evidence and reasons given to petitioner and should not be disturbed. However, with respect to the other three charges, since no employee witness with direct knowledge of the other two incidents out of which those charges arose was interviewed, the affirmance of those charges may not stand since respondent has failed to comply with its own regulation. (Matter of Amato v Ward, 41 NY2d 469.) The hearing officer’s decision to rely on Sergeant De Paolo’s report, rather than conducting an interview of him, mandates this determination.
Accordingly, the petition is granted only to the extent that the part of respondent’s determination which affirmed Charge Nos. 1, 3 and 4 against petitioner is reversed and annulled; the petition is denied to the extent that the determination affirming Charge No. 2 against petitioner shall not be disturbed. This matter shall be remanded to respondent for the purpose of a redetermination of the appropriate penalty upon Charge No. 2.